**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**CRYSTAL JOHNSON**                                                                   **PLAINTIFF**

vs.                                                              Civil Action No. 3:09-cv-121 HTW-LRA

**VALUE PLACE FRANCHISES**
**SERVICES, LLC, et al.**                                                          **DEFENDANTS**

## ORDER DENYING MOTION TO REMAND

Before this court is plaintiff Crystal Johnson's ("Johnson") motion to remand [Docket No. 10]. Plaintiff Crystal Johnson filed this lawsuit in the Circuit Court of Hinds County, Mississippi, First Judicial District, and now pursuant to Title 28 U.S.C. § 1447(c)[1] asks this court to return this lawsuit there, arguing that this court does not have subject mater jurisdiction over the dispute under diversity of citizenship jurisdiction, Title 28 U.S.C. § 1332.[2]

---

[1]Title 28 U.S.C. § 1447 provides in pertinent part:

**(c)** A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice or removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

[2]Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States; ...

The key questions in this case are: (1), whether the notice of removal filed by defendants Value Place Franchises Services, LLC, Value Place, LLC (joined by M&M Properties Management, Inc., and The Bell Groups) was timely filed; and (2), whether the parties are completely diverse in citizenship with regard to Title 28 U.S.C. § 1332.

## I. FACTS AND BACKGROUND

Plaintiff filed her original complaint on September 11, 2008. Plaintiff thereafter filed her first amended complaint on October 29, 2008, and her second amended complaint on November 20, 2008. Defendants were served with the second amended complaint on December 2, 2008.

Neither of plaintiff's three complaints requested a specified sum for injuries she allegedly incurred during an attempted armed robbery. Plaintiff contends she was pistol-whipped, being struck about her eyes and cheek. The incident occurred in defendants' parking lot which, says plaintiff, was not adequately safeguarded. Plaintiff requests compensatory damages and punitive damages, but, as earlier stated, not in any specified amount.

On December 31, 2008, defendants served their requests for admissions asking plaintiff to clarify the amount of damages being sought. Defendants filed their answer to the first and second amended complaint on January 5, 2009. Plaintiff served her responses to defendant's request for admissions on January 30, 2009, and admitted that she was "seeking damages exceeding $75,000.00, exclusive of interest and costs, in this case." Defendants Value Place Franchise Services, LLC and Value Place, LLC then served their notice of removal on February 27, 2009. Defendants M&M Properties

Management, Inc., and the Bell Groups all joined the notice of removal.

## II. ANALYSIS

### A. Removal

As courts of limited jurisdiction, federal courts are obligated to ascertain subject matter jurisdiction under the presumption that a lawsuit lies outside its jurisdiction before resolving any other element of a lawsuit. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001). A defendant who removes an action from state court to federal court bears the "heavy" burden of demonstrating this court's subject-matter jurisdiction and that removal was proper. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3739, at 424 (3d ed. 1998) ("It is . . . well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction . . . to show that the requirements for removal have been met."). Furthermore, the removal statutes are to be strictly construed with all doubts and ambiguities resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Defendants removed this case to this court pursuant to Title 28 U.S.C. § 1332

and § 1441.[3] Johnson moves to remand this case to state court, first claiming untimely removal.

**B. Untimeliness?**

Plaintiff cites Title 28 U.S.C. § 1446(a) in alleging that the defendants untimely filed their notice of removal. Plaintiff argues that it was clear from her complaint that she sought more than the $75,000.00 jurisdictional threshold. According to plaintiff, defendants should have reviewed similarly factual cases, whereupon defendants would have noticed that some of these type cases have produced judgments in excess of $75,000, exclusive of costs and interest. Defendants take issue with this argument.

The Fifth Circuit has held that the removing party must produce evidence that establishes that the actual amount in controversy exceeds the jurisdictional amount. *DeAguilar v. Boeing* Co., 47 F.3d 1404 (5th Cir. 1995). Moreover, "the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic*, Inc., 969 F.2d 160, 163 (5th Cir. 1992).

When the initial pleading does not affirmatively reveal on its face the amount the plaintiff is seeking in damages, the thirty day time period in which a defendant is allowed to remove a case does not start to run until the defendant receives an amended pleading, motion, order, or other papers providing actual notice of the

---

[3]Title 28 U.S.C. § 1441(a) states, in pertinent part, that ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4

plaintiff's specific damages. *Still v. Georgia-Pacific Corp.*, 965 F.Supp. 878, 881 (S.D. Miss. 1997). In the case at bar, on December 31, 2008, defendants served their requests for admissions seeking clarification of the amount of damages being sought. Plaintiff served her responses to defendant's request for admissions and admitted that she was seeking damages exceeding $75,000.00, exclusive of interest and costs. Defendants then served their notice of removal action on February 27, 2009, within the thirty (30) day window for removal. This court is satisfied that defendants' removal was timely.

### C. Diversity Jurisdiction

Plaintiff contended in her papers that the parties are not completely diverse. She pointed out that even if one member of Value Place Franchises, LLC, or Value Place, LLC, is a citizen of Mississippi, diversity of citizenship would not be complete here where plaintiff, too, is a citizen of Mississippi. With regard to LLC's, the general rule is that an LLC is a citizen of each state where its members are citizens. *Harvey v. Grey Wolf Drilling Company*, 542 F.2d 1077, 1080 (5th Cir. 2008).

Defendants respond with an affidavit from C. Roger Bolton, the Senior Vice President of Human Resources for Value Place, LLC. The affidavit states that Value Place, LLC, is a Delaware Company with its principal place of business in Wichita, Kansas; that Value Place Franchise Services, LLC, is a Kansas Company with is principal place of business in Wichita, Kansas, and is a wholly owned subsidiary of Value Place, LLC. The affidavit further states that no single member of either of the entities is a resident or citizen of Mississippi.

5

This court accepts this affidavit and concludes that no common Mississippi citizenship exists between the plaintiff and defendants and complete diversity is present. Plaintiff's counsel at oral argument stated that he, too, accepts this affidavit and offers no challenge to it.

### III. CONCLUSION

Plaintiff's motion to remand is denied. The defendant's notice of removal was timely filed pursuant to Title 28 U.S.C. § 1446(b), and this court has jurisdiction over the matter pursuant to Title 28 U.S.C. 1332. The parties are directed to contact the assigned Magistrate Judge for a Scheduling Conference.

**SO ORDERED, this the 20th day of April, 2010.**

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**


Civil Action No. 3:09-cv-121 HTW-LRA
Order Denying Motion to Remand